M. White
713.567.9663

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
MAY 24 2010

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| BARRY WALTER BUJOL, Jr. | ) | Case No. H-10-466M |
| ERNESTINE SHENELL JOHNSON | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

unSealed
Public and unofficial staff access to this instrument are prohibited by court order.

W

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  from 6/12/06 to 1/31/2010  in the county of  Waller  in the
Southern  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 1001 and 371; | The defendants knowingly conspired to defraud the United States and conspired to knowingly and willfully make material false statements on forms submitted to the U.S. Dept. of Agriculture related to housing subsidies, a matter within the jursidiction of the executive branch of the U.S. Government. |
| Title 42, United States Code, Section 408(a)(7)(B) and Title 18, United States Code, Section 371. | The defendants, with the intent to decive and for the purpose of obtaining housing subsidies from the U.S. Department of Agriculture, conspired to misrepresent a Social Security number issued to another person as belonging to Barry Bujol. |

This criminal complaint is based on these facts:
See the attached Affidavit in Support of Complaint and Arrest Warrant, which is incorporated herein by reference.

✓ Continued on the attached sheet.

_____
Complainant's signature

TFO Sean McCarroll, FBI, JTTF
Printed name and title

Sworn to before me and signed in my presence.

Date: May 24, 2010

_____
Judge's signature

City and state:  Houston, Texas

Nancy Johnson
Printed name and title
U.S. Magistrate Judge

AFFIDAVIT IN SUPPORT OF

COMPLAINT AND ARREST WARRANT

I, Sean D. McCarroll, being duly sworn, hereby depose and state the following:

1. I am a criminal investigator with the Brazos County Sheriff's Office in Bryan, Texas. I currently work with the Federal Bureau of Investigation (FBI) as a Task Force Officer (TFO) on the area Joint Terrorism Task Force (JTTF). I have been a Texas-certified peace officer with the Brazos County Sheriff's Office for 12 years. I have experience drafting and executing search and arrest warrants, using confidential human sources, and conducting undercover operations. As a TFO assigned to the FBI, I investigate violations of the laws of the United States, in particular those relating to terrorism, which oftentimes include offenses related to false identification, false official statements, and fraud. I have experience investigating these and other fraud-related offenses. I have completed numerous hours of training regarding the same. As a result, I am familiar with the tactics, methods, and techniques used by terrorism suspects.

**Background**

2. This affidavit is in support of a Criminal Complaint alleging that **Barry Walter BUJOL, Jr. (BUJOL)** and **Ernestine Shenell JOHNSON (JOHNSON):** (A) conspired to submit false statements in violation of Title 18, United States Code, Sections 371 and 1001(a)(2); and (B) conspired to use the Social Security Number (SSN) of another person to receive United States Department of Agriculture (USDA) housing subsidies (and to receive increases in those subsidies) which they were not authorized to receive in violation of Title 42, United States Code, Section 408(a)(7)(B) and Title 18, United States Code, Section 371.

3. Title 18, United States Code, Section 1001(a)(2) prohibits the knowing and willful making of a material false statement regarding any matter within the jurisdiction of any branch

1

of the United States government. Title 42, United States Code, Section 408(a)(7)(B) prohibits a person from falsely representing the SSN of another person to be his own or to be another person's for the purpose of causing a payment or causing an increase in the payment of any funds pursuant to any Federal program or for the purpose of receiving any other benefit.

4. I participated in this investigation and I have reviewed the reports of other federal, state, and local law enforcement personnel who also have participated. Therefore, I am familiar with the facts of this case. My statements below are limited to the facts giving rise to probable cause that **BUJOL** and **JOHNSON** committed the above-named offenses. My statements are in summary form and do not comprise the totality of what I know about either **BUJOL** or **JOHNSON**.

5. The FBI determined that **BUJOL** and **JOHNSON**, his common-law spouse, live together at the Pine Meadows Apartments, 20598 Pine Island Road, in Apartment No. 55 in Hempstead, Texas. The apartment complex participates in the United States Department of Agriculture (USDA) Rural Development program, which pays rent subsidies to the apartment owner for its qualifying low-income tenants. Title 7, Code of Federal Regulations, Section 3560.154 requires a tenant applying for such subsidies to fill out numerous USDA official forms. The USDA forms require a tenant seeking subsidies to list financial and other personal data for the USDA to use in determining whether the tenant qualifies. Tenants who qualify for subsidies must fill out additional USDA documents periodically to update their status, including an annual re-certification of employment data and certifications of income whenever household income changes by $100 or more per month. Among other data, a tenant/applicant must provide a SSN and a statement of his or her annual income and its source for the USDA to calculate the amount of the subsidy.

**Conspiracy to Use False SSN (42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 371)**

6.   Upon initiating this investigation, FBI agents obtained lease records for **BUJOL** and **JOHNSON's** apartment. Those documents showed they received USDA rent subsidies. In routine follow-up of personal identifying data listed in these documents, FBI learned that **BUJOL** and **JOHNSON** had repeatedly used xxx-xx-8100, an SSN belonging to another person, in executing various USDA and other documents required to qualify for and maintain rent subsidies. The above SSN was assigned in 1984 in Louisiana to Micheal (sic) Eugene Barr, a white male born on xx/xx/1982. **BUJOL** is a black male. **JOHNSON** is a black female. Records received from the Louisiana Center for Records and Statistics showed that Barr died in a car wreck on 7/27/2001. The FBI received copies of Barr's birth certificate, death certificate and Louisiana driver's license confirming that Barr was the actual holder of the SSN that **BUJOL** and **JOHNSON** have represented as **BUJOL's**. FBI agents determined that **BUJOL** was actually issued the SSN xxx-xx-2368, which he has also listed in various documents.

7.   The file for **BUJOL** and **JOHSON's** apartment showed the following documents and uses of the fraudulent SSN, among other fraudulent representations:

A.   A USDA Form RD-1910-5, *Request for Verification of Employment,* dated 6/12/2006, submitted but not signed by **BUJOL**, stated that "Better Way Windows" employed **BUJOL** as a clerical assistant. The SSN xxx-xx-8100 appeared in a space requesting the Taxpayer ID or Social Security Number of the tenant, **BUJOL**. That SSN actually belonged to the Micheal (sic) Eugene Barr described above. On the form, **BUJOL** further explained that he made $6.75 per hour for 15 hours of work per week. Part II of the form required **BUJOL's** employer to sign to verify his employment. In that place, "Michael Barr" purportedly had signed. Underneath the signature appeared the

3

written name of "Michael Barr" and telephone number (281) 330-8541, which was actually **BUJOL's** number according to subscriber records. Agents have reviewed numerous forms filled out by **BUJOL** and/or **JOHNSON**. They have observed only two distinct styles of handwriting on those forms—one style clearly consistent with **JOHNSON's** signature and one style clearly consistent with **BUJOL's** signature. The signature shown for "Michael Barr" on the above-form closely resembled **JOHNSON's** writing, with which writing agents were familiar. This form also contained a warning of the civil and criminal penalties possible for knowingly making false or fraudulent statements or representations to a government agency through the submission of the form. Based on the income information submitted on this form, **BUJOL** and **JOHNSON's** rent was set at $52 per month. This sum represented a significant subsidy of **BUJOL** and **JOHNSON's** rent by the USDA. They otherwise would have had to pay approximately $492 per month in rent. I believe **BUJOL** and **JOHNSON** submitted this form fraudulently representing Micheal (sic) Barr's SSN to be **BUJOL's** and signing Barr's name in **JOHNSON's** hand as **BUJOL's** purported employer to create a false means of establishing a combined income that was sufficiently low to qualify for USDA rent subsidies. They crafted these falsehoods to minimize the chance of the USDA finding the truth. If the USDA followed up on this information to validate it, its employees would have called for a "Micheal (sic) Barr" on a telephone that either **BUJOL** or **JOHNSON** would have answered to perpetuate the fraud. "Michael Barr" did not exist as an owner or employee of "Better Way Windows." **BUJOL** admitted that he was the only employee of the company in an interview, which is described herein. Also, had the USDA checked the fraudulent SSN against Texas Workforce Employment records, the

USDA would have found that the xxx-xx-8100 SSN used by **BUJOL** and **JOHNSON** was not actively associated with any Texas employers since the SSN corresponded to a dead person.

B.     On an USDA form RD-1910-5, *Request for Verification of Employment*, dated 5/8/2007 and signed by **BUJOL**, **BUJOL** again stated that he was employed by "Better Way Windows." This time he claimed he was a window cleaner. The form also showed **BUJOL** made $7.15 per hour for 30 hours of work per week. "Michael Barr" was again listed as **BUJOL's** employer and the owner of "Better Way Windows." The signature for "Mike Barr" this time closely resembled **BUJOL's** distinctive writing style, with which agents were familiar from having observed it throughout the documents they have reviewed. This form also contained a warning of the civil and criminal penalties possible for knowingly making false or fraudulent statements or representations to a government agency through the submission of the form. Based on this submission, **BUJOL** and **JOHNSON's** rent was set at $199.00 per month. That number represented a significant subsidy from the USDA. They otherwise would have owed approximately $492 per month.

C.     On an *Employment Verification* form dated 1/12/2009, **BUJOL** again listed "Better Way Windows" as his employer. This form also contained a warning of the civil and criminal penalties possible for knowingly making false or fraudulent statements or representations to a government agency through the submission of the form. He listed his job as a window cleaner. He claimed that he made $75.00 per week by only working 6 hours per week. This document listed Barr as the operations manager of "Better Way Windows" whereas previous forms listed him as the owner. Based on the hourly wage

and hours worked provided in this document, **BUJOL** and **JOHNSON's** rent was set at $6.00 per month, which represented a significant subsidization by the USDA. Their rent payment would otherwise have been $715 per month.

8. FBI agents learned that "Better Way Windows" was actually a business that **BUJOL** started. It had no employees other than him. The *Employment Verification* form faxed on 1/12/2009 to Pine Meadows Apartments listed 979-826-4076 as the telephone number for "Better Way Windows." In fact, that number was **BUJOL** and **JOHNSON's** home telephone number. The same telephone number was listed as defendant **BUJOL's** and **JOHNSON's** home phone number in an *Update of Household Information and/or 90-Day Notification of Renewal of Annual Certification* form dated and signed by defendant **BUJOL** and **JOHNSON** on 1/9/08. Also, the New Jersey State Police obtained **BUJOL's** resume during a March 2009 consensual search of his vehicle. The resume identified the same number as his home and fax number. They also found a typed letter signed by **BUJOL** giving the same number as his emergency contact number. Public records checks showed **BUJOL** was the "contact" and "individual sole owner" of "Better Way Windows." Finally, **BUJOL** told me during a March 2009 interview in New Jersey that he once owned "Better Way Windows." He said he was the only employee of the business.

### Conspiracy to Make False Statements (18 U.S.C. § 1001(a)(2) and 18 U.S.C. § 371)

9. On 6/14/06, **BUJOL** submitted an *USDA-Rural Housing Service, Tenant Certification* form listing SSN xxx-xx-8100 as his when that SSN actually belonged to Micheal (sic) Barr. The form was signed by **BUJOL** and **JOHNSON**. At the top of the form is a Title 18, United States Code, Section 1001 warning statement regarding false statements. They each signed

similar forms asserting the same falsehood about **BUJOL**'s SSN on 6/12/2006, 6/14/2007, and 1/31/2008.

10. As late as 1/12/2009, **BUJOL** and **JOHNSON** submitted an *USDA-Rural Housing Service, Employment Verification* form listing **BUJOL**'s employer as "Better Way Windows" and asserting that he made $3900 per year in salary. The document asserted he worked one job per week. At the top of the form is a Title 18, United States Code, Section 1001 warning statement regarding false statements. During the same time period, the FBI had **BUJOL** under regular physical surveillance, including a pole camera outside his apartment. Agents never saw him work in any capacity related to window installation, window washing, or anything even remotely related to glass. They did not observe him to have a vehicle suitable for use as the proprietor of such a business. They did not observe him to have pressure washers or any other equipment suitable for such businesses. In fact, during this time, agents never saw him at gainful employment at all. **BUJOL** and **JOHNSON** received rent subsidies during this time that were calculated based on the above false representation of employment.

11. On 1/19/2009, **BUJOL** and **JOHNSON** submitted a *USDA-Rural Housing Service, Tenant Certification* form, which they each signed, asserting that neither has a bank account or stocks, bonds, or certificates of deposit. At the bottom of the form is a Title 18, United States Code, Section 1001 warning statement regarding false statements. FBI agents determined that statement was untrue when they located a bank account in **BUJOL**'s name.

12. On 1/31/2010, JOHNSON submitted an *USDA-Rural Housing Service, Tenant Certification* form indicating that **BUJOL** had vacated the apartment. At the top of the form is a Title 18, United States Code, Section 1001 warning statement regarding false statements. **JOHNSON** indicated that her sole source of financial support was $300 sent to her by a family

member each month. Based on this new information, **JOHNSON's** rent was reduced to $6 per month. The USDA heavily subsidized the rent, which otherwise would have been approximately $522 per month. In fact, during this time period, FBI surveillance established that **BUJOL** still lived at the apartment. He was seen regularly on pole camera footage exercising outside the apartment. Further, **BUJOL** disclosed to a reliable and credible confidential human source working for the FBI that he made money selling typographic fonts he had designed on the internet. This conversation was recorded. The above-form **JOHNSON** filed did not account for **BUJOL's** income selling fonts. Accordingly, the rent subsidy she received was materially impacted by this fraudulent omission.

13. An employee of the company that owns **BUJOL** and **JOHNSON's** apartment complex can identify **BUJOL** and **JOHNSON** by sight and has said she has observed each sign at least one *USDA-Rural Housing Service, Tenant Certification* form in her presence. The form she observed them sign was contained in the same file as the remainder of the forms reviewed by FBI agents, some of which were described above. This employee also explained that the USDA requires each tenant to show he or she is, if not gainfully employed, then that he or she otherwise receives monthly income to qualify for the rent subsidy program.

## Conclusion

14. I believe **BUJOL** and **JOHNSON** agreed to use Micheal (sic) Barr's SSN fraudulently on USDA official forms to make it appear that **BUJOL**, while he purported to be employed, still appear to be qualified for federal housing assistance in violation of Title 18, United States Code, Section 371 and 1001 and Title 42, United States Code, Section 408(a)(7)(B). **BUJOL** and **JOHNSON** also conspired to manipulate defendant **BUJOL's** status of employment, gross income, and presence in the apartment in order to obtain lower rental payments in violation of

Title 18, United States Code, Section 371 and 1001. They fraudulently used the name of a deceased person, Micheal (sic) Barr, and his SSN in connection with several forms they submitted to the apartment complex where they resided – each submission an overt act in furtherance of the conspiracy – in order to obtain cheaper rent than they would have paid had they made truthful disclosures, in violation of Title 18, United States Code, Section 371 and 1001 and Title 42, United States Code, Section 408(a)(7)(B).

15. For the foregoing reasons, I respectfully request that warrants be issued for the arrest of defendants **BARRY WALTER BUJOL, Jr.** and **ERNESTINE SHENELL JOHNSON**.

Sean D. McCarroll
Task Force Officer
Federal Bureau of Investigation/JTTF

SUBCRIBED and SWORN to before me on this _24_ day of May, 2010, and I find that there is probable cause.

The Honorable Nancy Johnson
United States Magistrate Judge